UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHERMAN PAYNE, JR.,

        Defendant.

_____/

Case No. 1:06-cr-143

HON. GORDON J. QUIST

## OPINION

Defendant Sherman Payne, Jr., was indicted for unlawful possession of a firearm in violation of 18 U.S.C. §§ 921(a), 922(g)(1), and 924(a)(2). The firearm Payne is charged with possessing was discovered in his vehicle after an officer pulled him over for failing to wear his seat belt. Payne now moves to suppress the firearm from evidence, arguing that it was seized in violation of his Fourth Amendment rights. For the following reasons, the Court will deny Payne's motion to suppress.

### I. Findings of Fact

On April 11, 2005, at around 3:53 p.m., Muskegon Police Officer Daimion Cathey was in his squad car when he observed a black male driving without his seatbelt. Officer Cathey initiated a traffic stop of the car. Officer Cathey approached the driver and asked for his license and registration. The license indicated that the driver was Sherman William Payne, Jr. After receiving Payne's driver's license, Officer Cathey noticed a hole punched in its top right corner, indicating that the license was no longer valid. Officer Cathey then returned to his police car to verify Payne's driving status through the LEIN system. Officer Cathey decided to place Payne under arrest for driving with a suspended license.

Officer Cathey returned to Payne's car and instructed him to exit the vehicle and to turn around. Officer Cathey then grabbed Payne's right wrist and told him to place his hands behind his back. Payne pulled away from Officer Cathey and told Cathey that he did not need to use handcuffs. Officer Cathey again told Payne to put his hands behind his back, but Payne pulled away and walked towards the rear of his car. Officer Cathey then pushed Payne against the trunk of his car and once again asked Payne to put his hands behind his back. Officer Cathey then grabbed Payne's shirt, and Payne pulled himself out of his shirt and fled. Cathey called out for assistance on his portable radio and gave chase. Cathey, however, was unable to apprehend Payne, for Payne outran him. Cathey then returned to Payne's car. Payne's car was parked on the side of the road, in a no-parking zone, opposite a school. Moreover, the driver's door was open. In searching the vehicle, Payne discovered a loaded .41 magnum caliber revolver under the driver's seat.

## II. Conclusions of Law

Defendant Payne argues that the warrantless search and seizure of the firearm in his vehicle violated his Fourth Amendment right. because, although "the search would have been justified as an inventory search, it was actually a search for evidence." (Def.'s Mot. Suppress Evidence ¶ 4.) For a defendant to challenge a search, the defendant must have an expectation of privacy in the place searched. *See Rakas v. Illinois*, 439 U.S. 128, 99 S. Ct. 421 (1978). The Court concludes that Payne abandoned his vehicle when he fled from Officer Cathey and therefore did not have an expectation of privacy in the contents of his vehicle, which were left open to the public.

In *United States v. Hurst*, 228 F.3d 751 (6th Cir. 2000), officers pulled over a vehicle that matched the description of a vehicle seen in a driveway of a home that had been recently burglarized. *Id.* at 755. After pulling over the vehicle, an officer asked the defendant whether there was any

stolen property in his car. After the defendant replied no, the officer asked for consent to search the vehicle. Although the defendant consented, he resisted the officer's precautionary handcuffing and fled the scene. The court noted that "the officers were objectively justified in construing his flight not as a withdrawal of consent, but as an abandonment of his vehicle, whereby he relinquished any reasonable expectation of privacy in the contents of the vehicle." *Id.* at 758 n.3; *see also United States v. Oswald*, 783 F.2d 663, 667 (6th Cir. 1986) (holding that the defendant abandoned his vehicle in which he had a suitcase filled with cocaine where, after his vehicle caught on fire on the interstate, he quickly left without calling the fire department, he did not leave his name with any of the motorists who stopped, and he did not return "to the scene of the fire within the span of time in which a person having a legitimate expectation of privacy in [a] . . . car's contents . . . [would] reasonably have been expected to show up"); *United States v. Harris*, Nos. 94-5857, 94-5858, 1995 WL 111465 (6th Cir. Mar. 15, 1995) (concluding that the defendant lacked standing to challenge the search of his vehicle after he fled the scene since he abandoned any expectation of privacy in the car); *United States v. Grenci*, Nos. 90-3483, 90-3571, 1991 WL 139703 (6th Cir. July 30, 1991) (holding that the defendant abandoned any expectation of privacy he had in any items found in his car when he fled his car in trying to elude the police).

  In asserting that Payne maintained an expectation of privacy in his vehicle even though he fled from it leaving it with its door open in a no-parking zone, Payne relies upon the unpublished decision in *United States v. Eden*, No. 04-6329, 2006 WL 1716715 (6th Cir. June 22, 2006). In *Eden*, Terri Eden was pulled over for speeding. Upon noting that Eden's name did not appear on the rental car agreement that she displayed, the police contacted the rental agency and requested confirmation as to whether she was an authorized driver. Learning that she was not, and receiving

further instruction from the rental car company that it wanted the car towed, the police told Eden to remove all of her belongings from the rental vehicle and offered to transport her to the next town. Ultimately, Eden collected a purse, mobile phone and rolling suitcase from the passenger portion of the vehicle, declined to have the police transport her and began walking down the highway. The police thereafter received consent from the rental car company to conduct a search. The police opened the trunk and discovered a suitcase full of cocaine. The district court found that Eden had a privacy interest in both the car and the suitcase and that she had not abandoned her privacy interest. The government appealed only the district court's conclusion that she did not abandon the vehicle. The court affirmed the district court's conclusion, holding that the government failed to demonstrate that Eden exhibited "a sufficient subjective intent, through her voluntary words, conduct, or otherwise, to relinquish her interest in the suitcase."

*Eden* is readily distinguishable from the case here. In *Eden*, the court recognized that a defendant does not abandon his privacy interest in the contents of the vehicle simply because a vehicle is taken from the defendant. In this case, the vehicle was not taken from Payne. Rather, Payne fled from it, leaving it with its door open, parked in a no-parking zone. These facts are sufficient to demonstrate that Payne abandoned his vehicle and, thus had no expectation of privacy in it.

### III. Conclusion

Since Payne did not have an expectation of privacy in the contents of his car after he abandoned it, he lacks standing to challenge the admissibility of the firearm discovered in his car. An order consistent with this opinion will be entered.

Dated: September 7, 2006            /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE